UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22385-ALTMAN/Reid

**THE SMILEY COMPANY SPRL**,

 *Plaintiff*,

*v.*

**THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A**,

 *Defendants.*
_____/

## ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

  The Plaintiff has filed an *Ex Parte* Motion for an Order Authorizing Alternate Service of Process on the Defendants under Rule 4(f)(3) of the Federal Rules of Civil Procedure (the "Motion") [ECF No. 7]. After careful review, we **GRANT** the Motion.

  This is a copyright-infringement and trademark-counterfeiting case in which the Plaintiff alleges that the Defendants, through e-commerce stores, are advertising, promoting, offering for sale, or selling goods bearing what the Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Plaintiff's registered trademarks and copyrights. *See* Motion at 2 ("Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling goods bearing counterfeits and infringements of Plaintiff's registered trademarks and copyrights within this district and throughout the United States by operating ecommerce stores via third-party marketplace platforms under their seller identification names identified on Schedule 'A' to the Complaint (the 'Seller IDs')."). In the Motion, the Plaintiff requests an order authorizing service of process on the Defendants by email and website posting. *See* Motion at 2 ("Plaintiff respectfully submits that an order allowing service of process and service of all filings

via e-mail and by posting on a designated website in this case will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously."). The Plaintiff contends that electronic service by these means is appropriate and necessary in this case because (1) the Defendants operate via the Internet and (2) the Defendants rely on electronic communications to operate their businesses. *Ibid.* According to the Plaintiff, the Defendants operate Internet-based businesses on third-party platforms—like eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate. *Id.* at 4. E-commerce merchants operating on these platforms "generally must maintain accurate e-mail addresses where their marketplace platform administrator or domain registrar and payment processor may communicate with them regarding issues related to the maintenance of their e-commerce store and domain name accounts and transfer of funds for the payment for goods." *Id.* at 3. These email addresses can be reached *either* by emailing the individual Defendant's listed e-mail address *or* by filling out an onsite-contact form—and the Defendants helpfully identify their respective email addresses and onsite-contact forms on their websites. *Ibid.*

## THE LAW

"Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3); *see also Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (Cooke, J.) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements."). "Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Chanel, Inc. v. Zhixian*, 2010

2

WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (Cohn, J.) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief." *Sec. & Exch. Comm'n v. Palm House Hotel, LLP*, 2018 WL 9849603, at *1–2 (S.D. Fla. Nov. 7, 2018) (Middlebrooks, J.) (citation omitted). "The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *Ibid.*

## DISCUSSION

So far as we can tell, no international agreement that's relevant to our case prohibits service by email or web publication. Each of the foreign jurisdictions identified with the Defendants' Seller IDs…is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). *See* Motion at 11; *see also* Weaver Decl. [ECF No. 7-1] ¶ 18 ("The United States and each foreign jurisdiction wherein the Defendants are suspected to reside are signatories to the [Hague Service Convention]."). And the Hague Convention "does not specifically preclude e-mail and publication service." *Karsten Mfg. Corp. v. Store*, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (Altonaga, J.). Where, as here, "a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or publication." *Ibid.*

Nor does service by email or web publication violate due process. The Defendants have valid email addresses, *see* Motion at 3, and the Plaintiff has created a website (the "Plaintiff's Serving Notice Website") for the sole purpose of providing notice of this action to the Defendants, *see id.* at 3–4. "The address to Plaintiff's Serving Notice Website will be provided to Defendants via e-mail to Defendants' known e-mail accounts and onsite contact forms and will be included upon service of process in this

matter. Accordingly, each Defendant will receive notice of this action electronically by providing the address to Plaintiff's Serving Notice Website to their corresponding e-mail addresses or via the e-commerce marketplace platform Defendants use to conduct their commercial transactions via the Seller IDs." *Id.* at 4.

Service by email and website posting is therefore reasonably calculated, under all the circumstances, to apprise the Defendants of the pendency of this action and to afford them an opportunity to present their objections. Indeed, since the Defendants operate primarily through the Internet—and given how extensively they rely on electronic communications for the operation of their businesses—email and web publication are (in our view) the most likely means of providing the Defendants with notice of this action. *See Tiffany (NJ) LLC v. DORAPANG Franchise Store*, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018) (Ungaro, J.) (concluding that "e-mail service and Internet publication [we]re indeed the most likely means of communication" to reach the defendants because the plaintiff "adequately demonstrated that e-mails, which were not returned as undeliverable, likely reached [d]efendants via e-mail[,]" and because the plaintiff "voluntarily created a website accessible to the public, including [d]efendants, which [ ] provide[d] an additional safeguard to ensure [d]efendants' notice of filings and orders issued in this proceeding").

We therefore **ORDER and ADJUDGE** that the Motion is **GRANTED**. The Plaintiff may serve the Summonses, the Complaint, and all other filings and discovery in this case on each Defendant by:

a) giving the address to the Plaintiff's Serving Notice Website to the Defendants via the email accounts provided by each Defendant as part of the data related to its e-commerce store, including customer-service email addresses and onsite-contact forms, or by the e-commerce platform email for each of the e-commerce stores; and

b) publicly posting a copy of the Summonses, the Complaint, and all filings in this case on the Plaintiff's designated website at www.sriplaw.com/notice.

**DONE AND ORDERED** in the Southern District of Florida on July 3, 2023.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

5