UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-CV-22385-RKA

THE SMILEY COMPANY SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## PLAINTIFF'S MOTION TO EXTEND *EX PARTE* TEMPORARY RESTRAINING ORDER AND SCHEDULE HEARING ON MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, The Smiley Company SPRL ("Plaintiff"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 65(b)(2), respectfully moves for an order extending the Court's Sealed Order granting *ex parte* application for entry of a Temporary Restraining Order (Dkt. 9), presently scheduled to expire on July 17, 2023, and to reschedule the presently scheduled July 17, 2023 hearing on Plaintiff's Motion for Preliminary Injunction.

Plaintiff requests a 21-day extension to the temporary restraining order to expire on August 7, 2023, and for the preliminary injunction hearing to be rescheduled accordingly. This extension is necessary so that Plaintiff can receive Defendants' identifying information from the subpoenaed third-party platforms in order to effectuate service on Defendants, as well as to give all Defendants fair notice of any preliminary injunction hearing.

In support of this motion, Plaintiff respectfully refers the Court to the following Memorandum of Law:

## MEMORANDUM OF LAW

1. On July 3, 2023,[1] this Court issued its Sealed Order granting Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order (Dkt. No. 9) (the "TRO"). The TRO set a preliminary injunction hearing schedule requiring: Defendants to serve responses or oppositions by July 7, 2023; Plaintiffs to serve reply papers by July 14, 2023; and a preliminary injunction hearing to be held on July 14, 2023. *Id.* at 20-21.

2. On July 5, 2023 Plaintiff served eBay, the third-party online storefront hosting services, its subpoena to identify the Defendants on Schedule "A" and to restrain the respective accounts of the Defendants. Although the Court also granted Plaintiff alternative service by e-mail on Defendants (Dkt. 8), service cannot occur until the Defendants are identified in response to the subpoenas.

3. Rule 45 subpoenas must allow a reasonable time for compliance. Fed. R. Civ. P. 45(d)(3)(A). Each subpoena allowed the respective platforms fourteen (14) days to respond – commanding production on or before July 19, 2023. Just today, July 13, 2023, eBay served its complete response to Plaintiff's subpoena.

4. Additionally, prior to a preliminary injunction hearing, Rule 65 requires that the nonmoving party be provided notice and an opportunity to present its opposition. *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir. 1991); *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). While Rule 65 does not define "notice," the notice requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Id.* (quoting *Granny*

---

[1] Although dated July 3, 2023, Plaintiff's counsel first received a copy of the TRO from the Court on July 5, 2023.

*Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 434 n. 7 (1974)).

5. Pursuant to Rule 65, this Court may issue a temporary restraining order for a period of fourteen (14) days, and "for good cause shown," may extend a temporary restraining order for a "like period" of time. Fed. R. Civ. P. 65(b)(2). "There is authority for the proposition that, under appropriate circumstances, a court may extend a TRO beyond 28 days." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, Case No. 2:11-cv-00742, 2011 WL 4368418, at *1 (E.D. Wis. Sept. 19, 2011); *see also Almetals, Inc. v. Wickender Westfalenstahl, GMBH*, No. 08-10109, 2008 WL 624067, at *2-3 (E.D. Mich. Mar. 6, 2008) (granting plaintiff's request to extend TRO until plaintiff could effect service under Hague Convention); *Assocs. Fin. Servc. Co., Inc. v. Mercantile Mortgage Co.*, 727 F.Supp. 371, 375 (N.D. Ill. 1989) (granting several month extension because 20 days was "a woefully inadequate time in which to prepare for, hear and decide a motion for preliminary injunction.").

6. Here, there is good cause to extend the TRO because Plaintiff will only be able to serve Defendants one business day prior to the preliminary injunction hearing currently set for July 17, 2023. Although Plaintiff diligently and expeditiously proceeded to serve its subpoenas, even if the platform was instantaneously served its subpoena after the TRO was issued, it is extremely unlikely that Plaintiff would have received the platform's reply by the preliminary injunction hearing, yet alone been able to serve the Defendants and afford them reasonable notice of a preliminary injunction hearing. Plaintiff respectfully submits that this 21-day extension is the reasonably soonest timeframe it can effectuate service such that Defendants would be afforded a fair opportunity to oppose the application.[2]

---

[2] In these circumstances, Plaintiff would normally request a 14-day extension, however the undersigned was noticed for jury duty on July 31, 2023.

WHEREFORE, Plaintiff respectfully requests that the TRO be extended by 21 days, to expire after the conclusion of an appropriately re-scheduled preliminary injunction hearing.

Date:   July 13, 2023

Respectfully submitted by,

THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ A. Robert Weaver*
A. Robert Weaver
Fla. Bar No. 92132
Email: rweaver@brickellip.com

*Counsel for Plaintiff*