EMAIL SENT TO BRICKELL IP; HARDCOPY TO COURT AND BRICKELL IP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**MIAMI** DIVISION

CASE NUMBER 1:23-CV-22385
THE SMILEY COMPANY SRL, Plaintiff
V
THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A (*to the complaint referred to below*)

FILED BY SAS D.C.
SEP 07 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ANSWER

1. We are identified as defendant numbered 255 (ringarchive) on Schedule A (Exhibit 1) to the Complaint
2. We are in receipt of the following documents:
    a. Summons dated 27 June 2023
    b. Complaint dated 27 June 2023
    c. Schedule A (Exhibit 1) to the Complaint (list of defendants)
    d. An Order granting ex parte application for Temporary Restraining Order
    e. A further Order following an unsuccessful application by the Plaintiff's attorneys to extend the date for the preliminary injunction hearing confirming hearing date on 31 July 2023

We have not received any notification of the outcome of the hearing referred to in paragraph e. above.

3. We are still awaiting a reply from our original response to the plaintiffs on July 21st 2023 (Exhibit A), requesting any evidence against us be presented, as well as confirming the compliance with the restraining order, and the ceasing of all selling operations on the eBay store.
4. We have limited financial resources and cannot afford to employ US lawyers to respond to the intricately detailed legal points in the Complaint.
5. The complaint is in relation to one product (Exhibit B). To our knowledge we can confirm that no units of the product in question have been sold to the US, as confirmed in the selling history of the store. Therefore, we understand that the trademark which is owned by the Plaintiff and protected in the US does not enjoy trademark protection in the UK and other regions to which the units were sold to in the past.
6. We would also like to point out that the product in question (Exhibit B), did not include the "iconic yellow circle" that was deemed integral to the distinctive design of the Plaintiffs trademark. The absence of the yellow colouring of the trademark on the product in question should be more than enough to avoid confusion with the Plaintiffs yellow smiley face logo.

7   We are not manufacturers of the product in question, and purchase goods from wholesalers and intermediaries. We assume that our suppliers have cleared any potential trademark issues, and if we had been aware of any potential intellectual property issues, we would not have offered the product for sale.

8   The history of the sale of the product in question is as follow:
   a. We first listed the product for sale some time in 2020.
   b. We sold a total of zero units to the USA between 2020 and the deactivation of the listing on July 14, 2023, to the best of our knowledge, and as confirmed via the store selling history.
   c. We no longer keep or sell any stock of the product in question, and we do not intend to do so at any point in the future.

9   Our understanding is that the normal procedure in order to protect a trademark is for the owner to serve a cease-and desist notice, requiring the person who is alleged to be infringing intellectual property rights to stop marketing and/or selling the offending product to give up or dispose of any unsold stock. This may also be accompanied by a request for an account of profit in respect of the products sold.

The process is designed as a necessary prior step to legal proceedings in order to reduce legal costs and prevent the Honourable Court's time being wasted when in most cases the matter can be settled by agreement of the parties without the need for the initiation of litigation.

We do not know whether the same is true in the State of Florida, but our understanding is that in some jurisdictions, a failure to give prior notice of a legal claim if the circumstances allow may result in any legal costs not to be recoverable.

We do not know when the Plaintiff first became aware of the alleged infringement of its intellectual property rights and would request that the Plaintiff provides us with this information, as we understand that in order to obtain an injunction it is necessary as soon as the Plaintiff becomes aware of a potential infringement.

10  The procedure referred to in paragraph 9 was not followed in relation to our sale of the product in question (Exhibit B)

11  We have told the Plaintiff's attorney, to which we have received no response to our communication made on July 21, 2023, that there will be no further sales of the product in question under any circumstances. We therefore request the immediate dismissal from this case on the grounds outlined in paragraphs 5 & 6 above.

12  We reserve the right to respond in greater detail to the Complaint if our request outlined in paragraph 11 is not accepted.

We hereby deny all of the claims brought against us and draw the Honourable Court's attention to what we have requested in paragraph 11, as well as the lack of response to previous communications made to the Plaintiffs attorney, R. Weaver.

If we are forced to employ a US attorney to provide a detailed response, then we will apply to the court for an order that the Plaintiff should pay our legal costs as a result of its failure to settle this prior to the initiation of legal proceedings (as referred to in paragraph 9).

Signed on behalf of Ring Archive

Store Name: Ringarchive
Email: ringarchiveonline@gmail.com
Case no: 23-CV-22385

# EXHIBIT A

## Complaint Ref: 1:23-cv-22385-RKA

**Ring Archive** <ringarchiveonline@gmail.com> Fri, 21 Jul, 11:23
to rweaver

To whom this may concern,

Please accept this as a formal response to the summons issued on July 14th 2023 (Civil Action No: 1:23-cv-22385-RKA).

We request that you present all evidence held against our store in relation to this case.

Regardless, this eBay store has ceased all operations and is complying with the restraining order placed, and note that there will be no sales under any circumstances.

I would request that this resolve without prejudice this matter.

Regards,
Ring Archive

## Complaint Ref: 1:23-cv-22385-RKA

**Ring Archive** <ringarchiveonline@gmail.com> Fri, 21 Jul, 11:23
to rweaver

| | |
|---|---|
| from: | **Ring Archive** <ringarchiveonline@gmail.com> |
| to: | rweaver@brickellip.com |
| date: | 21 Jul 2023, 11:23 |
| subject: | Complaint Ref: 1:23-cv-22385-RKA |
| mailed-by: | gmail.com |

To whom tl

Please acc Civil Action No: 1:23-cv-22385-RKA).

We reques se.

Regardless training order placed, and note that there will be no sales under any circumstances.

I would request that this resolve without prejudice this matter.

Regards,
Ring Archive

# EXHIBIT B



U.S. COURTHOUSE

400 NORTH MIAMI AVENUE

COURTROOM 12 – 4

FL 33128 MIAMI

UNITED STATES OF AMERICA

<div align="right">
From Ebay user id:

Ringarchive

Case no 23-CV-22385
</div>

September 4th 2023

Ebay user Ringarchive is one of the named defendants in case 1:23-CV-22385. Please find a copy of our response to the complaint which has been emailed and hardcopy sent to Brickell IP.

Regards

**EXPRESS EASY**  XED  *DHL*
2023-09-04 MyDHL API 1.0 / *GLS certified label*

From : Ring Archive
Ring archive
1 Musket Copse
RG24 7NQ OLD BASING
UNITED KINGDOM

Origin:
**RED**

To : U.S. COURTHOUSE
U.S. COURTHOUSE
400 North Miami Avenue
Courtroom 12-4
**33128 MIAMI**
UNITED STATES OF AMERICA

Contact:

C300 **US-TMB-EYW**

**ADI**

Day   Time

Ref No: 2736196864
Content : LETTER OR CORRESPONDENCE

Pce/Shpt Weight   Piece
**0.1 kg   1 / 1**


WAYBILL 27 3620 3363
(2L)US33128+60000000

Ref Code:


(J) JD01 4600 0111 7510 0686